IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BELINDA WILLIAMS, o/b/o A.D.W., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07cv844-CSC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

The plaintiff Belinda Williams filed this lawsuit on behalf of her son, A.D.W.,[1] to review a final judgment by Defendant Michael J. Astrue, Commissioner of Social Security, in which he determined that A.D.W. is not "disabled" and therefore, not entitled to supplemental security income benefits. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner.[2] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1,

---

[1]   Pursuant to the E-Government Act of 2002, as amended on August 2, 2002, and M.D. Ala. General Order No. 2:04mc3228, the court has redacted the plaintiff's minor child's name throughout this opinion and refers to him only by his initials, A.D.W.

[2]   Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.  The court has jurisdiction over this lawsuit under 42 U.S.C. §§ 405(g) and 1383(c)(3).[3]  For the reasons that follow, the court concludes that the Commissioner's decision denying A.D.W. supplemental security income benefits is due to be affirmed.

## I.  STANDARD OF REVIEW

An individual is considered disabled under the Social Security Act

if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months (or, in the case of an individual under the age of 18, if he suffers from any medically determinable physical or mental impairment of comparable severity.)

42 U.S.C.A. § 1382c(a)(3)(A) (1996).

The Personal Responsibility and Work Opportunity Reconciliation Act of 1996 includes the standard for determining child disability under the Social Security Act.  *See* PUB. L. NO. 104-193, 110 Stat. 2105, 2188 (1996).  The statute provides that an individual under 18 shall be considered disabled "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(C)(I) (1999).  The sequential analysis for determining whether a child claimant is disabled is as follows:

_____

[3] 42 U.S.C. §§ 405(g) and 1383(c)(3) allow a plaintiff to appeal a final decision of the Commissioner to the district court in the district in which the plaintiff resides.

1.     If the claimant is engaged in substantial gainful activity, he is not disabled.

2.     If the claimant is not engaged in substantial gainful activity, the Commissioner determines whether the claimant has a physical or mental impairment which, whether individually or in combination with one or more other impairments, is a severe impairment.  If the claimant's impairment is not severe, he is not disabled.

3.     If the impairment is severe, the Commissioner determines whether the impairment meets the durational requirement and meets, medically equals, or functionally equals in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  If the impairment satisfies this requirement, the claimant is presumed disabled.

*See* 20 C.F.R. § 416.924(a)-(d) (1997).

The Commissioner's regulations provide that if a child's impairment or impairments does not meet, or is not medically equal or functionally equivalent in severity to a listed impairment, the child is not disabled.  *See* 20 C.F.R. § 416.924(d) (2003). In reviewing the Commissioner's decision, the court asks only whether his findings concerning the steps are supported by substantial evidence.  *See Brown v. Callahan*, 120 F.3d 1133 (10th Cir. 1997).

## II.  PLAINTIFF'S CLAIM

As stated by the plaintiff, the issue for the Court's review is whether "[t]he Commissioner failed to properly consider the evidence of record."[4]    (Pl's Br. at 3 & 4). Based on the plaintiff's brief, it is clear she is challenging the ALJ's alleged failure to fully

---

[4]  The plaintiff was specifically directed to include in her brief a "Statement of the Issues" and "*in numbered paragraphs*, . . . state in a *concise, specific manner* each issue which the plaintiff presents to the court for resolution."  (Doc. # 3, p.2, ¶ 4) (emphasis in original) (footnote omitted).  Because the plaintiff failed to follow the court's directive, the court has had to decipher the specific issue raised by the plaintiff. In so doing, the court is compelled to observe that in "presenting arguments to busy trial courts, subtlety is no virtue."  *United States v. Reyes Vasquez*, 905 F.2d 1497, 1499 (11th Cir. 1990).  Moreover, the failure of the plaintiff to properly identify the issue and applicable law in this case prompts the court to note that both clarity and preparation are virtues which should be sought by all advocates.

and properly consider a teacher questionnaire form submitted by A.D.W.'s teacher, Derrick Harris.  (*Id*. at 4).

### III.  DISCUSSION

The ALJ, in his opinion, followed the regulations' three steps as listed above when he analyzed A.D.W.'s claim.  Under the first step, the ALJ found that A.D.W. is not engaged in substantial gainful activity.  At the second step, the ALJ found that A.D.W. has severe impairments of asthma and obesity.  (R. 15).  Next, at step three, the ALJ found that A.D.W. did not have "an impairment or combination of impairments that meets or medically or functionally equals in severity one from the Listing of Impairments."  (R. 14).  In so finding, the ALJ specifically considered Listing 103.03, Asthma.  (R. 16).  The ALJ also concluded that A.D.W.'s limitations result in less than marked limitations in the six domains of functional limitations.  (*Id*.).  Consequently, the ALJ concluded that A.D.W. is not disabled.

In order to functionally equal a listing, A.D.W's impairments must result in "marked" limitations in two or more functional domains or "extreme" limitation in one functional domain.  20 C.F.R. § 416.926a(a).  The ALJ was required to consider six areas of development: Acquiring and using information; Attending and completing tasks; Interacting and relating to others; Moving about and manipulating objects; Caring for yourself; and Health and physical well-being.  (*Id*. at 416.926a(b)).  The ALJ concluded that, although A.D.W suffers from asthma which is a severe impairment, A.D.W.

> has a less than marked limitation in the domains of acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for himself, and in

health and physical well being.

(R. 16).

On February 14, 2005, A.D.W.'s third grade teacher completed a Child Development and Functioning form in which he indicated that A.D.W. had marked limitations in domains of "health and physical well-being" and "caring for self."[5] (R. 135). The plaintiff argues that the ALJ failed to consider this form. She is absolutely correct. However, it is equally clear from the record that the ALJ did not have this form before him when he rendered his decision.

The administrative hearing in this case was held on February 27, 2006. (R. 141). At the request of counsel, the ALJ gave the plaintiff forty-five (45) days to submit additional medical records. (R. 143). Counsel did not request additional time to submit evidence from A.D.W.'s teachers. (*Id*.) On March 14, 2006, counsel submitted thirty (30) pages of medical records from the Bullock County Hospital. (R. 105). Counsel did not include Harris' assessment in this submission nor did she mention it. (*Id*.). Harris' assessment appears in the record for the first time as part of the materials submitted to the Appeals Council in April 2007. (R. 135-40). In fact, counsel concedes in her submission to the Appeals Council "that it is possible that the *ALJ did not receive* and review the submitted evidence." (R. 139) (emphasis added). The plaintiff offers no explanation as to why Harris' assessment was not

---

[5] Harris also completed an Attention Deficit Hyperactivity form, dated February 14, 2006, in which he indicated that A.D.W. suffered from "marked inattention." (R. 137). There is no indication anywhere in the record that A.D.W. suffers from Attention Deficit Hyperactivity Disorder, and the plaintiff makes no argument regarding this assessment.

5

submitted to the ALJ for his consideration before or at the administrative, particularly when the form is dated well over a year before the hearing date.  (R. 135).

More importantly, however, even if the court were to conclude that the ALJ had the form and failed to properly consider it, a remand to the Commissioner is not warranted unless the plaintiff shows prejudice.  *Kelley v. Heckler*, 761 F.2d 1538 (11th Cir. 1985).

> This at least requires a showing that the ALJ did not have all of the relevant evidence before him in the record (which would include relevant testimony from claimant), or that the ALJ did not consider all of the evidence in the record in reaching his decision. *See Smith* [*v. Schweiker,* 677 F.2d 826, 830 (11th Cir. 1982)] (relevant inquiry is whether the record reveals evidentiary gaps which result in unfairness or clear prejudice).

*Id.* at 1540.

Harris gauged A.D.W. as having marked limitations in domains of "health and physical well-being" and "caring for self."  (R. 135).  However, Harris' evaluation contains no explanation of how or why he reached his opinion and the school records do not support his determination.  The plaintiff points to no evidence from which the court could conclude that Harris' estimation of A.D.W.'s functional limitations in these domains is supported by the record.  A.D.W.'s school records indicate that he is an A-B student and his conduct is satisfactory.  (R. 79-84).  Although his mother testified that A.D.W.  is "always fighting" at school," (R. 153), the school records indicate only one disciplinary incident involving fighting.  (R. 79).  The only evidence that A.D.W. has marked limitations in the areas of "health and physical well-being" and "caring for self" is Harris' opinions which are wholly conclusory, inconsistent with the medical records and unsupported by other objective

6

evidence. The mere fact that A.D.W. has diagnoses of asthma and obesity is insufficient to support a finding that he has "marked" impairments in those functional areas. Consequently, the court concludes that the plaintiff has failed to demonstrate that she has been prejudiced by the ALJ's failure to consider Harris' assessment of A.D.W.

A.D.W's mother complains that A.D.W. is limited in his ability to run and play like other children. (R. 150). The mere fact that A.D.W. has asthma and cannot be outside for extended periods of time is insufficient to support a finding that he has an extreme or even marked limitation in the area of health and physical well-being. Thus, the ALJ's conclusion that A.D.W. does not have more than a "marked" impairment in the health and physical well-being area of functioning is supported by the record.

## CONCLUSION

The court has carefully and independently reviewed the record and concludes that substantial evidence supports the ALJ's conclusion that A.D.W. is not disabled. Thus, the court concludes that the decision of the Commissioner is supported by substantial evidence and is due to be affirmed.

A separate order will be entered.

Done this 3rd day of June, 2008.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

7